**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
|     Michael Scott Chandler, Sr., | : | |
|         Debtor. | : | Bankruptcy No. 10-16089-MDC |

# MEMORANDUM

BY: MAGDELINE D. COLEMAN, UNITED STATES BANKRUPTCY JUDGE

## I.      INTRODUCTION

Debtor Michael Scott Chandler, Sr. (the "Debtor") commenced a Chapter 7 bankruptcy case on July 23, 2010. Later, the Debtor converted his bankruptcy case to Chapter 11 on August 23, 2010. Throughout the Debtor's bankruptcy case the disposition of certain real estate consisting of 35.9 acres of real property located at 438 McFarlan Road, Kennett Township, Pennsylvania and identified as Tax Parcel ID Nos. 62-4-129.1, 129.3, 130, 131, and 132 (the "Property") pursuant to an Asset Sale Agreement dated May 12, 2010 (the "Sale Agreement") has remained a central issue. Initially, this Court addressed the parties' dispute over the disposition of the Property in the context of a motion for relief from the automatic stay filed by the Debtor's estranged wife, Dolores Chandler ("Mrs. Chandler"). That litigation was resolved by this Court in an Opinion and Order issued December 17, 2010 [Docket No. 88] (the "Lift-Stay Order"). The Lift-Stay Order granted Mrs. Chandler relief from the automatic stay to pursue all rights and claims she has against the Debtor in equitable distribution and support in the divorce proceeding pending in the Chester County Court of Common Pleas (the "Divorce Proceeding") captioned *Dolores R. Chandler v. Michael S. Chandler*, Civil Action No. 04-06895. However, the Lift-Stay Order denied Mrs. Chandler to consummate the Sale Agreement.

Now, the parties' dispute over the disposition of the Property has evolved to dominate the plan confirmation process and requires the Court to determine whether it must confirm a plan of reorganization

proposed by Mrs. Chandler that complies with the requirements of 11 U.S.C. § 1129(a), but is opposed to by the Debtor on the basis that the sale of the Property is not in his best interest.

II. **RELEVANT BACKGROUND**

During the course of the Debtor's case, the Debtor has submitted four separate plans of reorganization and accompanying disclosure statements. None of the proposed plans were transmitted to creditors because, among other things, the disclosure statements accompanying said plans were seriously deficient. After the expiration of the Debtor's exclusivity period, Mrs. Chandler filed on May 6, 2011, a Chapter 11 Plan [Docket No. 158] (the "Plan") and accompanying disclosure statement [Docket No. 157] (the "Disclosure Statement"). On May 31, 2011, this Court entered an Order approving the Disclosure Statement and scheduling a hearing on the confirmation of the Plan for July 26, 2011 (the "Confirmation Hearing"). Consistent with the requirements of F.R.B.P. 3017(a), Mrs. Chandler served by mail to creditors and other parties in interest the Plan and the Disclosure Statement. All parties were given until July 19, 2011, to object to the Plan. The primary feature of the Plan calls for the sale of the Property pursuant to the pre-petition Sale Agreement. As summarized in greater detail in this Court's memorandum accompanying the Lift-Stay Order, *In re Chandler*, 441 B.R. 452, 458-60 (Bankr. E.D. Pa. 2010), the Sale Agreement represents the culmination of efforts by a conservator appointed by the Chester County Court of Common Pleas to effectuate sale of the Property to Trilogy Investments, LLC ("Trilogy") for $950,000.

Prior to the Confirmation Hearing, the Debtor filed a timely objection to the Plan (the "Objection") arguing that the Plan should not be confirmed because, *inter alia*, (1) the Property was required for the continuation of the Debtor's mushroom growing operation and its sale would prevent his reorganization; (2) the Debtor should be permitted to exercise his rights provided by 11 U.S.C. § 544(a)(3) and preclude the sale of the Property to Trilogy; and (3) the proposed sale of the Property to Trilogy is not in the best interests of the Debtor. This Court received no other objections to the Plan.

On July 26, 2011, this Court conducted a confirmation hearing (the "Confirmation Hearing") on the Plan filed by Mrs. Chandler. At the Confirmation Hearing, Mrs. Chandler established that the

2

creditors of the Debtor have unanimously voted to accept the Plan.  Mrs. Chandler also established and the Debtor conceded that the requirements for confirmation of the Plan as set forth in 11 U.S.C. § 1129(a) have been satisfied.  The Plan provides for the payment in full of all allowed claims of the Debtor's estate, and, with respect to certain secured claims, that such secured claims will pass through the Debtor's bankruptcy case unaffected.

Having admitted that the Plan complies with § 1129(a), the Debtor abandoned the grounds raised by his written Objection.  Despite not addressing the issue in his Objection, the Debtor instead and once again raised at the Confirmation Hearing the issue of the Property's valuation.  He contends, as he has throughout this bankruptcy, that the sale price contemplated by the Sale Agreement is far below the Property's true valuation.  Although not raised in his Objection, this Court is extremely familiar with the Debtor's arguments with regard to his estimation of the Property's value.

As previously recognized by this Court in its memorandum accompanying the Lift-Stay Order:

> "The Debtor admitted that he filed for bankruptcy protection in order to prevent the sale to Trilogy and thereby preserve the Property because it is his principal source of income. He believes the proposed sale would leave him with insufficient assets to fund the claims of his creditors, including those owed to the Movant.  He proposes in the alternative to conduct a sale in connection with this bankruptcy case with the goal of obtaining a price closer to his estimation of the Property's true value."

*In re Chandler*, 441 B.R. 452, 460 (Bankr. E.D. Pa. 2010).

Despite having over a year to accomplish § 544(a)(3) sale, the Debtor has done nothing.  He now makes essentially the same arguments in opposition to the Plan.  The Debtor admits that the Plan complies with § 1129(a); however, he argues that this Court has the discretion to disapprove of the Plan based ostensibly on his belief that his personal interests would be harmed if the sale to Trilogy was allowed.  In response to the Debtor's arguments, this Court requested, and the parties agreed to submit, post-hearing briefs addressing whether this Court had the discretion to disapprove the Plan despite its compliance with the requirements set forth in 11 U.S.C. § 1129(a).

On August 2, 2011, Mrs. Chandler, Triology, Wendy W. McLean (the state court appointed conservator in the Divorce Proceeding) and Prudential Fox & Roach (the conservator's realtor) submitted

3

letter briefs regarding the Court's ability to disapprove a plan that complied with § 1129(a). The Debtor elected not to submit any post-hearing brief. Instead, the Debtor filed a proposed Fifth Amended Plan of Reorganization and Disclosure Statement along with an Emergency Motion to Approve the newly proposed disclosure statement and to stay this Court's consideration of the approval of the Plan [Docket No. 261] (the "Emergency Motion")[1]. On August 8, 2011, this Court entered an Order denying the Emergency Motion.

### III. DISCUSSION

Before addressing whether this Court has discretion to deny confirmation of the Plan despite its compliance with § 1129(a), this Court will elaborate on its reasons for refusing to consider the Debtor's arguments made at the Confirmation Hearing with regard to the valuation of the Property. All parties, including the Debtor, received adequate notice of the deadline to file objections to the Plan. Despite this fact, the Debtor chose to wait until the Confirmation Hearing to raise an oral objection to the Plan based on his purported valuation of the Property. As this Court stated at the Confirmation Hearing, the Debtor's objection based on the sufficiency of the sale price of the Property to be realized by the Sale Agreement was not timely. A party's failure to raise an objection to a proposed plan prior to the deadline fixed by this Court results in a waiver of a party's right to object. *In re Seatco, Inc*., 259 B.R. 279, 285 (Bankr. N.D. Tex. 2001); *In re Richard Buick, Inc*. 126 B.R. 840, 848 (Bankr. E.D. Pa. 1991).

Generally, bankruptcy courts are not required to consider oral motions, including objections. *See, e.g., In re Bistrian*, 184 B.R. 678, 683-84 (E.D. Pa. 1995) (finding that the bankruptcy court committed no error in refusing to consider a debtor's oral motion). In *Bistrian*, the court identified specific due process ramifications of allowing a debtor's motion for voluntary dismissal to be made orally. As explained by the court in *Bistrian*:

> "If the court had considered [the debtor's] oral motion to dismiss, absent creditors would have had no notice of her motion… Written motions that 'state with particularity the grounds therefor' allow parties to decide whether to oppose them or not, and to file thorough, researched responses. Written motions also allow the court to engage in its

---

[1] The Emergency Motion was filed by Debtor's new proposed counsel, Ciardi & Ciardi, P.C. ("Ciardi"). The Debtor has also filed an application to employ Ciardi as his new bankruptcy counsel.

4

> own research and analysis in advance of the hearing. In contrast, unrelated oral motions, by definition, raise new issues that neither the court nor the parties could have foreseen, or for which they could have prepared."

*Id.* at 683.

Although addressing the notice requirements embodied by F.R.B.P. 9013, this Court finds the due process concerns identified in *Bistrian* equally applicable to the Debtor's attempt to raise his oral objection to the confirmation of the Plan. The Debtor, along with all other parties in interest, received adequate notice of the Plan, the Disclosure Statement and this Court's deadline for filing of objections to the Plan. This Court can conceive of no legitimate reason why the Debtor's oral objection to the Plan's valuation of the Property could not have been through normal diligence raised in the Debtor's Objection. *See, e.g., In re Richard Buick, Inc*. 126 B.R. 840 (Bankr. E.D. Pa. 1991) (observing that for neglect to be excusable "the objecting party must prove that its failure to file the objection in a timely manner was the result of something more than ordinary diligence; it must be something that could not have been prevented by diligence") (quotations and citations omitted). If this Court had allowed the Debtor's oral objection, the Debtor's creditors and other parties in interest would have been deprived an opportunity to present evidence on the issue.

Further, this Court finds that by allowing the Debtor to rehash old arguments based on no more than the Debtor's unsubstantiated opinion will only result in further delay and prejudice to the creditors of the Debtor's estate. The valuation of the Property has been at issue throughout the Debtor's bankruptcy case. He has steadfastly maintained that the value of the Property exceeds $2,000,000. The Debtor had over a year to take some action to substantiate his claims with regard to the Property's value. For whatever reason, the Debtor elected to do nothing. For these reasons, this Court refused to consider the Debtor's untimely, oral objection to the Plan.

Having considered the post-hearing papers, this Court also finds that it has no discretion to disapprove the Plan where the Plan Proponent has established that each of the requirements of 11 U.S.C. § 1129(a) have been met. *In re Armstrong World Industries, Inc.,* 432 F.3d 507, 511 (3d Cir. 2005) ("A

5

court will confirm a plan if it meets all of the requirements set out in section 1129(a)."); *In re Fur Creations by Varriale, Ltd.*, 188 B.R. 754, 758 (S.D.N.Y. 1995); *In re Gyro-Trac (USA), Inc.*, 441 B.R. 470, 477 (Bankr. D.S.C. 2010) ("if all section 1129 requirements are met, a court has no discretion with regard to chapter 11 plan confirmation"); *In re TCI Holdings, LLC*, 428 B.R. 117, 132 (Bankr. D.N.J. 2010). To the extent the Property is necessary for the continuation the Debtor's mushroom growing business, the Debtor has had ample opportunity to propose and to have confirmed a plan that could have addressed the concerns he now raises. As a result, this Court is unwilling to afford weight to his present concerns. *See, e.g., In re River Village Associates*, 161 B.R. 127, 143 (Bankr. E.D. Pa. 1993) ("in light of the fact that the Debtor and its equity holders have already had three opportunities to confirm a plan and have failed to do so, we are less than anxious to give their preferences deference at this time.").

Moreover, in an individual chapter 11 proceeding, a debtor's interest in property of the estate are junior to the interests of the creditors of the estate. *In re Lett*, 632 F.3d 1216, 1222 n.13 (11th Cir. 2011). By requesting that this Court deny confirmation based on the Debtor's hypothetical belief that an alternative plan may accrue greater benefits to him while not producing any greater benefit to his creditors, the Debtor is asking this Court to put his personal interests ahead of the interests of his creditors. *See, e.g., In re Domiano*, 442 B.R. 97, 108-09 (Bankr. M.D. Pa. 2010) ("The likelihood of a successful reorganization within a reasonable period of time must be shown to be more than a debtor's hopes or best case scenario."); *In re American Family Enterprises*, 256 B.R. 377, 403 (Bankr. D.N.J. 2000) (acknowledging that a court's inquiry into the "fundamental fairness" of a proposed plan focuses on the interest of individual creditors). "Chapter 11 strikes a balance between a debtor's interest in reorganizing and restructuring its debts and the creditors' interest in maximizing the value of the bankruptcy estate." *Fla. Dept. of Revenue v. Piccadilly Cafeterias, Inc.*, 554 U.S. 33, 51 (2008). Rather than striking a balance between his interests and those of his creditors, the Debtor would have this Court rely on his interests to trump those of his creditors. This Court will not tolerate such a result.

For the reasons stated herein, this Court finds that the immediate approval of the Plan will be in the best interests of the Debtor's estate and that further delay will cause prejudice to the creditors of the Debtor's estate. An order confirming the Plan will be entered.

Dated: August 24, 2011

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE