**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| Michael Scott Chandler, Sr., | : | |
| Debtor. | : | Bankruptcy No. 10-16089-MDC |

# <u>MEMORANDUM</u>

<u>INTRODUCTION</u>

This Court held a hearing on September 30, 2011 (the "Hearing"), to address the Motion for

Reconsideration dated September 2, 2011 (the "Motion"), filed by Michael Scott Chandler, Sr. (the

"Debtor"). In the Motion, the Debtor requested that this Court vacate its Order dated August 24, 2011

(the "Order"), confirming the Chapter 11 Plan (the "Plan") as proposed by Dolores R. Chandler (the "Plan

Proponent"). The Debtor claimed that, contrary to findings set forth in this Court's Memorandum dated

August 24, 2011 (the "Memorandum"), and the Debtor's previous representations to this Court, the Plan

does not comply with §1129(a). Specifically, the Debtor contended that this Court should not have

confirmed the Plan because the Plan Proponent proposed the Plan in bad faith and constitutes an "attempt

to defraud the Court and the Debtor's creditors." Motion, ¶ 9(B)(ii).

As evidence of the Plan's noncompliance with § 1129(a), the Debtor cited (i) the failure of the

Plan Proponent to attach the Agreement of Sale with Trilogy Investments, LLC ("Trilogy") dated May

12, 2010 (the "Sale Agreement") to the Plan or the Disclosure Statement approved by this Court on May

31, 2011; (ii) the expiration of the Sale Agreement; and (iii) the failure of the Plan Proponent to properly

serve notice of the hearing on the disclosure statement in compliance with L.B.R. 9014-3(g). The Debtor

further argued that the Court should vacate the Order because he properly raised an objection to the value

of the Property in the Objection of Debtor to Confirmation D. Chandler Plan (the "Plan Objection").

Prior to the Hearing, the Plan Proponent, Trilogy and Prudential Fox Roach Realtors

("Prudential") each filed written responses to the Motion (collectively, the "Responses"). At the Hearing,

this Court heard further arguments from the Debtor and other parties in interest as to whether this Court

should vacate the Order. No creditors joined the Debtor in his request for reconsideration. After considering the Motion, Responses and arguments of counsel, the Court issued a bench ruling denying the Motion.

This Memorandum Opinion is consistent with the Court's September 30, 2011 bench ruling and is submitted pursuant to Local Rule 8001-1(b)[1] to further expound upon the reasons for this Court's Order dated September 30, 2011. The discussion below, along with this Court's previous opinions issued in connection with this case, constitutes the Court's findings of facts and conclusions of law.

**Factual and Procedural Background**

Just as this document is this Court's third written opinion to be issued in connection with the Debtor's bankruptcy case, Ciardi Ciardi & Astin ("Ciardi") is the Debtor's third counsel in this bankruptcy and are the attorneys responsible for filing the instant Motion. Originally, the Debtor was represented by Michael Bresnahan who was responsible for filing on July 23, 2010, an emergency petition requesting chapter 7 relief. Sometime shortly thereafter, the Debtor reconsidered his decision to employ his initial bankruptcy counsel. On or about August 20, 2010, the Debtor retained Eugene Steger & Associates, P.C. ("Steger") who promptly filed a motion to convert the Debtor's case from one pending under chapter 7 to one pending under chapter 11. On August 23, 2010, this Court granted the Debtor's motion to convert, and, on October 26, 2010, this Court approved the retention of Steger. Steger continued to represent the Debtor until September 27, 2011, when this Court granted Steger's Motion to Withdraw as Attorney.

On July 26, 2011, this Court held a hearing addressing confirmation of the Plan. The Debtor was represented by Steger at the confirmation hearing. As more fully discussed in its Memorandum, this Court found and all parties agreed that the Plan complied with the provisions of 11 U.S.C. § 1129(a). The only issue remaining to be decided was whether harm to the Debtor's personal interest was in and of itself

---

[1] Local Rule 8001-1(b) provides: Opinion in Support of Order. The bankruptcy judge whose order is the subject of an appeal may, within 14 days of the filing of the notice of appeal, file a written opinion in support of the order or a written supplemental opinion that amplifies any earlier written opinion or recorded oral bench ruling or opinion. L.B.R. 8001-1(b) (2008).

sufficient to deny confirmation of a plan that otherwise complied with § 1129(a). After consideration of

the parties' post-trial papers and as stated in the Memorandum, this Court held the Debtor may not "rely

on his interests to trump those of his creditors" and granted confirmation of the Plan. *In re Chandler,*

Bky. No. 10-16089, 2011 WL 3734224, at *4 (Bankr. E.D. Pa. Aug. 24, 2011).

Despite the fact that Steger had not yet withdrawn as Debtor's attorney and prior to this Court's

issuance of the Order and the Memorandum, Ciardi filed on August 2, 2011, its application for

employment and its Fed. R. Bankr. P. 2016(b) disclosure reflecting that Ciardi had received a retainer in

the amount of $10,000 on or about August 1, 2011. On the same day, Ciardi filed on behalf of the Debtor

an Expedited Motion to Stay of Consideration of Matters Held under Advisement on July 26, 2011, and

for Approval of the Fifth Amended Disclosure Statement related to the Fifth Amended Plan of

Reorganization Proposed by the Debtor (the "Plan Motion"). On August 8, 2011, this Court denied

expedited consideration of the Plan Motion. The next day, the Debtor filed a notice of motion scheduling

a hearing on the Plan Motion for September 6, 2011. The September 6 hearing was ultimately

rescheduled to October 4, 2011. Prior to this date and for the reasons stated herein, this Court issued its

Order denying the instant Motion, the effect of which was to render moot this Court's consideration of the

Debtor's Fifth Amended Disclosure Statement and Fifth Amended Plan of Reorganization.

## ANALYSIS

Generally speaking, reconsideration is proper where the moving party demonstrates one of three

grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was

not available when the court granted the motion for summary judgment; or (3) the need to correct a clear

error of law or fact or to prevent manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v.*

*Quinteros,* 176 F.3d 669, 677 (3d Cir. 1999) (*citing N. River Ins. Co. v. CIGNA Reins. Co.,* 52 F.3d 1194,

1218 (3d Cir. 1995)). The Debtor does not argue that there has been an intervening change in controlling

law or that the availability of new evidence would impact this Court's original decision. Rather, the

Debtor argued in both his Motion and at the Hearing that this Court should vacate its Order to prevent

manifest injustice that will result from several errors that occurred in connection with this Court's

confirmation of the Plan.[2]

The Debtor contends that the Court erred in its finding that the Plan complied with § 1129(a).[3]

First, the Debtor argued that this Court erred in finding that the Plan complied with § 1129(a)(1) because

the Sale Agreement had expired prior to confirmation on its own terms on or about March 28, 2011.  As a

result, the Plan is defective because the Sale Agreement cannot be assumed and no sale of the Property[4]

can occur.  Second, the Debtor contends that the Court erred in finding that the Plan was proposed in

"good faith" as required by § 1129(a)(3).  Debtor posits that the Plan Proponent's failure to attach a copy

of the Sale Agreement to the Disclosure Statement or Plan deprived creditors or other parties in interest of

sufficient notice of the Sale Agreement terms.  Specifically, Debtor alleged that the actual sale price for

the Property was $590,000 because the Sale Agreement included a Rental Loss Reserve of $315,000 to be

held for three (3) years.  Debtor contends that Plan Proponent's failure to disclose this fact constitutes a

fraud on both the Court and the Debtor's creditors.  Third, the Debtor contends that the Plan Proponent

improperly noticed the hearing on the Disclosure Statement in a further attempt to defraud the Court and

the Debtor's creditors.  Debtor argues that the Debtor failed to serve all creditors with notice of the

hearing on the Disclosure Statement as required by L.B.R. 9014-3(g).[5]  Fourth, Debtor seeks relief from

---

[2] The Debtor's Motion appears to identify Fed. R. Civ. P. 60(b)(1), (2), (3), & (6) as the statutory basis for the relief requested.  Each subsection carries with it a different standard for relief.  The Debtor's Motion fails to either address each standard or set forth what facts are relevant to the merits of the Debtor's entitlement to relief under each subsection.  Problematically, the Debtor simply asserts that he is entitled to relief under Fed. R. Civ. P. 60(b) generally.  See, e.g., Reynolds v. Wagner, 128 F.3d 166 (3d Cir. 1997) (stating "an argument consisting of no more than a conclusory assertion ... will be deemed waived.").

[3] Debtor's present argument that the Plan does not comply with § 1129(a)(1) is contrary to the position taken by Debtor at the confirmation hearing.  As recognized by this Court in its Memorandum, Debtor's prior counsel admitted to this Court that the Plan complied with § 1129(a). *In re Chandler*, Bky. No. 10-16089, 2011 WL 3734224, at *4 (Bankr. E.D. Pa. Aug. 24, 2011) (acknowledging that the Debtor agreed that the Plan complies with § 1129(a)(1)).  It is unclear as to why the Debtor's present counsel believe principles of estoppel do not preclude it or its client from adopting a position directly contrary to a position taken by Debtor's prior counsel.

[4] The property is real estate consisting of 35.9 acres of real property located at 438 McFarlan Road, Kennett Township, Pennsylvania and identified as Tax Parcel ID Nos. 62-4-129.1, 129.3, 130, 131, and 132 (the "Property").

[5] Contrary to Debtor's arguments, L.B.R. 3016-1(f) governs service of a disclosure statement.  Plan Proponent appears to have complied with the requirements of that rule.

the Order on the basis that the Court erred in finding that the Debtor's Plan Objections did not include any objection to the value of the Property. Debtor contends that the issue of the Property's value was set forth in the Plan Objection and that value was a significant issue because the Plan Proponent intentionally attempted to conceal the Sale Agreement terms from the Court and creditors. Finally, at the Hearing, Debtor argued for the first time that his best interests should have been considered because the Plan, among other things, fails to provide for either (i) the payment of capital gains taxes associated with the sale of the Property, or (ii) the payment of any deficiency claims that may result if the proceeds of the sale of the Property are insufficient to satisfy the claims of the Debtor's secured creditors.[6]

The Debtor has failed to establish that that any of the alleged deficiencies warrant granting him relief from the Order. The omission of the Sale Agreement from the Disclosure Statement or the Plan was patently apparent prior to the time this Court approved both the Disclosure Statement and the Plan. As such, any objections based on its omission are now untimely.[7] Further, there is no evidence that attachment of the Sale Agreement was required. All of the Debtor's unsecured creditors, except for one small trade creditor owed approximately $1,900, were involved with the Sale Agreement.[8] The Plan provides that the sale proceeds would be used to pay the claims of the unsecured creditors only. As such, Debtor's argument that unsecured creditors were defrauded by the Plan Proponent's failure to include the Sale Agreement is disingenuous at best.

As for the Debtor's contention that the issue of value of the Property was raised in its Plan Objection, the Debtor has not set forth any facts or the applicable standard that would warrant the Court

---

[6] The Debtor offered no explanation how either contingency could occur given that no creditor has asserted such a claim and the claims bar date has expired.

[7] The Debtor argued that the failure to attach the Sale Agreement to the Plan was a purposeful omission intended to hide the fact that at the time of the Plan's confirmation the Sale Agreement had terminated. However, Debtor's argument overlooks the tolling provisions contained in section 6.3.1 of the Sale Agreement. Moreover, this Court recognizes that as evidenced by an email attached as Exhibit A to the Plan Proponent's Response to the Motion the parties intended to exercise their rights under the tolling provision. As a result, this Court is unconvinced of the merit of the Debtor's present arguments even if the Debtor's present arguments had been raised at the appropriate time.

[8] These creditors include (1) the Plan Proponent, (2) Trilogy, (3) Prudential, and (4) Wendy W. McLean, Esquire, the state court appointed conservator.

reconsidering and vacating its decision on that issue as set forth in the Court's Memorandum. In support

of his position, the Debtor has simply restated Paragraph 6 of the Plan Objection and added as a

parenthetical the words "of the subject real estate." Debtor's restatement of this objection is unsupported

by the record in this case. Debtor's then counsel acknowledged at the confirmation hearing that the Plan

Objection, including Paragraph 6, did not relate to the value of the Property, but to the Plan Proponent's

claim.

Motions for reconsideration "may not be used as a means to argue new facts or issues that

inexcusably were not presented to the court in the matter previously decided." *Johnson v. Diamond State*

*Port Corp.*, 50 Fed. Appx 554, 560 (3d Cir.2002) (*quoting Brambles USA, Inc. v. Blocker*, 735 F.Supp.

1239, 1240 (D.Del.1990)); *see also Rock v. Voshell*, No. 05-1468, 2005 WL 3557841, at *1 (E.D. Pa.

Dec. 29, 2005) ("Mere dissatisfaction with the Court's ruling is not the basis for such a reconsideration,

nor can such a motion be used as a means to put forth additional arguments which could have been made

but which the party neglected to make.").

The Debtor now wants to put on additional evidence as to why the Plan Proponent did not present

sufficient evidence to establish compliance with § 1129(a). Contrary to the contentions of the Debtor, the

time to raise any objection based on Plan feasibility or the sufficiency of notice was when the issue of the

sufficiency of the Disclosure Statement or the Plan was before this Court. As observed by Bankruptcy

Judge Markovitz of the Western District of Pennsylvania,

> As busy as this court is, it nonetheless is required to review the evidence and the applicable law
> and to render a sound decision the first time that a matter is brought before it. The court does not
> have the luxury of treating its first decision as a dress rehearsal for the next time. The court is
> required to 'get it right' the first time. No less is expected of counsel. Initial arguments are not to
> be treated as a dress rehearsal for a second attempt to prevail on the same matter. Counsel is also
> expected to 'get it right' the first time and to present all the arguments which counsel believes
> support its position. Arguments which counsel did not present the first time or which counsel
> elects to hold in abeyance until the next time will not be considered. Arguments which were fully
> considered and rejected by the court the first time will not be considered when repeated by
> counsel the second time. Counsel does a disservice to his clients by such unprofessional conduct.

*In re Armstrong Store Fixtures Corp.*, 139 B.R. 347, 350 (Bankr. W.D. Pa. 1992).

The same is true of the other arguments raised by the Debtor at the Hearing and in support of his

present Motion. In addition to his arguments with regard to the omission of the Sale Agreement, the

Debtor's counsel argued at the Hearing that the Debtor may be harmed by the fact that the Plan does not

provide for the payment of capital gains taxes or for the payment of any deficiency claims. Just as the

failure to attach the Sale Agreement to the Disclosure Statement or the Plan was readily apparent, the fact

that the Plan did not provide for such hypothetical contingencies was also readily apparent the time this

Court approved both the Disclosure Statement and the Plan. Each of the contingencies now imagined by

the Debtor's present counsel was equally imaginable at the time each of the Debtor's creditors voted in

favor of the Plan. Yet, none raised any objection to the sufficiency of the contents of the Disclosure

Statement or the Plan. At this late stage, this Court will not substitute its own judgment for the judgment

of the Debtor's creditors.

This Court also recognizes that the Debtor is bound by his choice of counsel and the decisions

made by his counsel in litigating on his behalf. For whatever reason, the Debtor's prior counsel elected

not to raise the arguments made in the present Motion. The Debtor has provided no evidence to establish

that prior counsel's decision not to raise these arguments was the result of neglect. As much as the failure

to raise these arguments may be attributed to omission or negligence, this Court observes that the decision

not to make these arguments may have been a strategic decision of the Debtor's prior counsel. As

recognized by the Supreme Court,

> Petitioner voluntarily chose this attorney as his representative in the action, and he cannot
> now avoid the consequences of the acts or omissions of this freely selected agent. Any
> other notion would be wholly inconsistent with our system of representative litigation, in
> which each party is deemed bound by the acts of his lawyer-agent and is considered to
> have notice of all facts, notice of which can be charged upon the attorney.

*Link v. Wabash R.R. Co.*, 370 U.S. 626, 633-34 (1962) (quotations omitted); *see also Coltec Indus., Inc. v.*

*Hobgood*, 280 F.3d 262, 274 (3rd Cir. 2002) ("courts have not looked favorably on the entreaties of

parties trying to escape the consequences of their own 'counseled and knowledgeable' decisions.").

The mere fact that the Debtor has since replaced his counsel does not change this analysis. The

Debtor's new counsel is not entitled to use a motion for reconsideration to revisit the trial strategy of the

Debtor's prior counsel. The fact that a new attorney chooses to adopt a different position is not sufficient

to warrant the granting of a motion for reconsideration. If his prior counsel was negligent in the performance of his duties, the Debtor's remedy lies in a malpractice action and not in a motion for reconsideration. *See, e.g., Sweeney v. Verizon Communications, Inc.*, Civ. No. 09-10798, 2010 WL 3191589, at *2 (D. Mass. Aug. 12, 2010) (holding that extraordinary circumstances did not justify granting reconsideration motion).

In apparent recognition of the fact that the alleged procedural defects in the Plan approval process are insufficient to warrant reconsideration, the Debtor also argued that he will suffer hardship if reconsideration is not granted. [9] To merit reconsideration pursuant to Fed. R. Civ. P. 60(b)(6), the Debtor must show "extreme and *unexpected* hardship." *Talley v. City of Atlantic City*, 406 Fed. Appx. 584, 585 (3d Cir. 2011) (emphasis added); *see also Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (stating that the party seeking Fed. R. Civ. P. 60(b)(6) relief would have to show "extreme" and "unexpected" hardship if the judgment stands). This Court finds that nothing about the hardship the Debtor expects to suffer is *unexpected.* Not only was the sale of the Property to Trilogy expected, the impending sale was among the primary reasons the Debtor filed for bankruptcy relief. *In re Chandler*, 441 B.R. 452, 463 (Bankr. E.D. Pa. 2010) (acknowledging that "the Debtor stated in his testimony that he filed to prevent the sale"). The Debtor has had over a year to anticipate and to plan for this contingency. As a result, the Debtor may not rely on the hardship he may suffer if the Plan is confirmed and the sale is consummated to establish that he is entitled to relief pursuant to Fed. R. Civ. P. 60(b)(6). *See, e.g., JPMorgan Chase Bank, N.A. v. Pandolfelli (In re Pandolfelli)*, Adv. No. 09-02068, 2011 WL 2708831, at *7 (Bankr. D.N.J. Jul. 11, 2011) (denying Fed. R. Civ. P. 60(b)(6) motion where result of inaction "were to be expected given his course of conduct").

Finally, this Court observes that the interests of finality weigh heavily against granting the motion. *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 255 (3d Cir. 2008) (explaining that the interests

---

[9] Debtor now argues for the first time that confirmation of the Plan is not in his best interest. The Debtor was provided an opportunity to present such an argument prior to the entry of the Order. The Debtor and his new counsel elected not to do so, and filed the Plan Motion instead. Debtor cannot now rely on that decision as a basis for relief from the Order.

of finality require that a motion for reconsideration should be used sparingly and limited to exceptional

circumstances); *Construction Drilling, Inc. v. Chusid*, 131 Fed. Appx. 366, 371 (3d Cir. 2005) (finding

that FRCP 60(b)(6) catch-all provision is limited to exceptional circumstances). The parties are now

ready to close on the transaction which will result in the full payment of the unsecured creditors' claims.

Allowing the Debtor to propose his own plan of reorganization appears to be an exercise in futility and

will only serve to prejudice the creditors of the Debtor's estate by forcing them to wait longer for the

payment of their claims. All of the plans proposed by the Debtor, including the most recently filed, are

dependent on financing using the Property as collateral. The Debtor owns the Property as a tenant by the

entirety with his wife. Unfortunately for the Debtor, his wife is also the Plan Proponent and she has

repeatedly indicated that she would never consent to the Debtor placing a mortgage on the Property to

secure the funding he would need to finance his proposed plan. This Court will not permit the payment of

the Debtor's creditors to be further delayed.

## SUMMARY

After hearing on the Motion and consideration of all of the evidence presented by the parties, the

Court denies the Motion. This Court finds that the Debtor has failed to allege any basis for relief under

Fed. R. Civ. P. 60(b).

BY THE COURT:

_Magdeline D. Coleman_

_____
MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

DATED: OCTOBER 24, 2011